## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KELLY HACKWORTH,         )
         )
       Plaintiff,      )
         )
vs.         )     Case No. CIV-05-1467-M
         )
PROGRESSIVE HALCYON      )
INSURANCE COMPANY, formerly  )
PROGRESSIVE CASUALTY    )
INSURANCE COMPANY, an Ohio  )
corporation,         )
         )
       Defendant.     )

## ORDER

This case is scheduled for trial on the Court's February, 2007 trial docket.

Before the Court is defendant Progressive Halcyon Insurance Company, formerly Progressive Casualty Insurance Company's ("Progressive") Motion for Summary Judgment, filed November 1, 2006. On December 20, 2006, plaintiff filed her response. On January 18, 2007, Progressive filed its reply, and on January 29, 2007, plaintiff filed her sur-reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction[1]

Progressive is a property and casualty insurance company. On March 26, 1996, plaintiff began her employment with Progressive. On February 24, 2002, Jerry Johnson ("Johnson") became the Oklahoma State Claims Manager. When Johnson arrived in Oklahoma in February, 2002, Progressive operated a casualty branch, with offices located in Norman, Tulsa, and Oklahoma City, Oklahoma, which was managed by plaintiff.

---

[1]The facts contained in this Introduction are set forth in the light most favorable to plaintiff.

Some time after his arrival, Johnson determined that the Oklahoma Casualty Branch needed to be reorganized, and consequently, the Oklahoma Casualty Branch was reorganized multiple times. As a result of these reorganizations, the number of employees whom plaintiff supervised was significantly reduced, the number of claims handled by the casualty branch was reduced, and the Norman casualty branch office was closed.  As a further result of the reorganizations, and specifically the reorganization which occurred in January, 2004, plaintiff was advised that her position was to be re-leveled from an Injury Operations Manager II ("IOM II") to an Injury Operations Manager I. ("IOM I").[2]

Additionally, on January 23, 2004, plaintiff met with Johnson and Doug Ingalsbee, a branch manager in Progressive's Oklahoma City office.  In that meeting, plaintiff was advised that she was being re-leveled from an IOM II to an IOM I, her salary was being reduced ten percent, her gainshare was being reduced, she was being placed under the supervision of Mr. Ingalsbee, and her job responsibilities were being reduced, all effective February 1, 2004.  As a result of the January 23 meeting, as well as an investigation that Progressive was conducting regarding complaints of gender discrimination, on March 19, 2004, plaintiff met with Johnson, Amy Harland, and Fred Jones.[3]  During this meeting, plaintiff was given the choice of accepting a severance due to the re-leveling or accepting/continuing in the IOM I position in Oklahoma City, with the assurance that she would maintain her present salary.  On March 23, 2004, plaintiff went on leave under the Family Medical Leave Act and never returned to work for Progressive prior to her termination.

---

[2]The parties dispute whether plaintiff's position was an IOM I or an IOM II at the time of her termination.

[3]Ms. Harland and Mr. Jones are employees in Progressive's Human Resources Department.

2

On April 23, 2004, as a result of her demotion to an IOM I, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for gender discrimination.  In connection with a mediation associated with this charge, Progressive offered plaintiff the option to remain as an IOM I or to accept a severance package.  Plaintiff was given until June 22, 2004 to make that decision.

Plaintiff asserts that she called Ms. Harland on June 22, 2004, to accept the IOM I position but was advised that the IOM I position had been eliminated and that she was terminated.  Progressive asserts that plaintiff never accepted the IOM I position and was terminated because the IOM II position had been eliminated.  As a result of her termination, plaintiff filed a second Charge of Discrimination with the EEOC for retaliation for filing the first charge.

On December 19, 2005, plaintiff filed the instant action, asserting causes of action for gender discrimination, hostile work environment, and retaliation.  Progressive now moves for summary judgment on all of these causes of action.

II.    Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden

of doing more than simply showing there is some metaphysical doubt as to the material facts.

Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and

quotations omitted).

III.    Discussion

    A.      Proper defendant

In the caption of the Complaint, plaintiff lists "PROGRESSIVE HALCYON INSURANCE

COMPANY, formerly PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio

corporation" as a defendant.  It is undisputed that plaintiff has never been an employee of

Progressive Halcyon Insurance Company and that Progressive Casualty Insurance Company and

Progressive Halcyon Insurance Company are two entirely separate and distinct legal entities.

Because plaintiff has never been employed by Progressive Halcyon Insurance Company, the

defendant named in the caption of the Complaint, Progressive asserts it is entitled to summary

judgment as to all of plaintiff's claims.

Having carefully reviewed the parties' submissions, the Court finds that while plaintiff has

listed the incorrect Progressive company in the caption of the Complaint, summary judgment is not

warranted on this basis.  The Court finds that Progressive has not been, and will not be, prejudiced

from plaintiff's error in naming Progressive Halcyon Insurance Company in the caption of the

Complaint.  This case has been vigorously litigated and extensive discovery has been conducted.

Additionally, it is clear upon review of the body of the Complaint that plaintiff is suing her

employer, Progressive Casualty Insurance Company.  The Court, however, does find that to prevent any further confusion, the caption of the Complaint should be amended and directs plaintiff to file such a motion within three (3) days of the date of this Order.

      B.     Gender discrimination

To establish a prima facie case of gender discrimination, plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was discharged or suffered some other adverse employment action; and (4) she was treated less favorably than similarly-situated employees, outside the protected class, or her position was not eliminated after her discharge.  *See Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998); *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005).  "[T]he burden imposed on a plaintiff at the prima facie stage is not onerous."  *Ortiz v. Norton*, 254 F.3d 889, 895 (10th Cir. 2001) (internal quotations and citations omitted).  In its motion for summary judgment, Progressive does not dispute that plaintiff has satisfied the first three elements.

Viewing the facts and inferences in the light most favorable to plaintiff, the Court finds that plaintiff has produced sufficient evidence to create a genuine issue of material fact as to whether her position was eliminated after her termination.  Specifically, plaintiff has presented evidence that her position was an IOM I at the time of her termination.  Additionally, plaintiff has presented evidence that this IOM I position was not eliminated after her termination, but in fact that said position was advertised and filled within weeks of her termination.

Once plaintiff has established a prima facie case of discrimination, the burden shifts to Progressive to articulate a legitimate, non-discriminatory reason for terminating plaintiff's employment. *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d

1184, 1191 (10th Cir. 2000).  Progressive asserts plaintiff was terminated because her IOM II position was eliminated and she did not accept the IOM I position.  The Court finds Progressive has met its burden to produce a legitimate, non-discriminatory reason for terminating plaintiff's employment.

Because Progressive has provided a legitimate, non-discriminatory reason for discharging plaintiff, the burden shifts to plaintiff to show that there is a genuine issue of material fact as to whether Progressive's explanation is pretextual.  *Id.*  Pretext can be established if the plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence."  *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted).  "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds  plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether Progressive's reason for plaintiff's termination is pretextual.  Specifically, in addition to evidence that plaintiff was an IOM I at the time of her termination, plaintiff has presented evidence that she did, in fact, accept the IOM I position and was told that it had been eliminated.  The Court finds that this evidence goes to the heart of Progressive's legitimate non-discriminatory reason for terminating plaintiff and clearly creates a genuine issue of material fact as to whether Progressive's reason is pretextual.

Accordingly, the Court finds that summary judgment should not be granted as to plaintiff's gender discrimination claim.

C.     Retaliation

To establish a prima facie case of retaliation, plaintiff must show that (1) she engaged in protected opposition to discrimination; (2) she was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000).[4] "Once a plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action." *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986 (10th Cir. 1996). If the defendant sets forth a legitimate, nondiscriminatory reason, the plaintiff must then establish that the reason is merely a pretext for retaliation. *Id.* at 986.

A "causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997). In the case at bar, plaintiff was terminated only two months after she filed her first Charge of Discrimination and within weeks of the EEOC mediation. Additionally, plaintiff has presented evidence that she called to accept the offer made at the mediation only to be told that the position had been eliminated and that she was terminated. Based upon this evidence, the Court finds that plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether a causal connection exists between plaintiff's termination and her first Charge of Discrimination.

---

[4]In its motion for summary judgment, Progressive only disputes whether plaintiff can establish a causal connection between her termination and her first Charge of Discrimination in April, 2004.

Further, as set forth in the preceding section, Progressive has stated a legitimate, nondiscriminatory reason for plaintiff's termination, and plaintiff has set forth sufficient evidence to create a genuine issue of material fact as to whether Progressive's reason is pretextual. This same analysis applies to plaintiff's retaliation claim. Accordingly, the Court finds that summary judgment should not be granted as to plaintiff's retaliation claim.

D.      Hostile work environment

"To survive summary judgment [on a hostile work environment claim], a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1326-27 (10th Cir. 2004) (internal quotations and citation omitted). A plaintiff must also "produce evidence from which a rational jury could infer that she was targeted for harassment because of her gender . . . ." *Id.* at 1327.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that plaintiff has shown, albeit barely, that a rational jury could find that her workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment and that plaintiff was targeted for this harassment because of her gender.

Accordingly, the Court finds that summary judgment should not be granted as to plaintiff's hostile work environment claim.

8

IV.    Conclusion

For the reasons set forth above, the Court DENIES Progressive's Motion for Summary

Judgment [docket no. 32].

**IT IS SO ORDERED this 1st day of February, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE