**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KELLY HACKWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1467-M |
| ) | |
| PROGRESSIVE CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| an Ohio corporation, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is plaintiff's Application for an Award of Front Pay Damages, filed March 8, 2007. Defendant has filed its Objection to Plaintiff's Request for Front Pay.

I. Introduction

Following a seven day jury trial, a jury awarded a verdict in favor of plaintiff and against defendant on her claims for gender discrimination, retaliation, and hostile work environment based on gender. The jury awarded plaintiff both compensatory damages and punitive damages. The issue of front pay was reserved for this Court's determination.

II. Discussion

"[F]ront pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Abuan v. Level 3 Commc'ns, Inc.*, 353 F.3d 1158, 1176 (10th Cir. 2003) (internal quotations and citation omitted). "In cases in which reinstatement is not viable because of continuing hostility between the plaintiff and the employer or its workers, or because of psychological injuries suffered by the plaintiff as a result of the discrimination, courts have ordered front pay as a substitute for reinstatement." *Id.* (internal

quotations and citation omitted).[1]  "The amount [of front pay], if any, is set in the court's discretion." *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1145 (10th Cir. 2006) (internal quotations and citation omitted).  "In determining whether, and how much, front pay is appropriate, the district court must attempt to make the plaintiff whole, yet the court must avoid granting the plaintiff a windfall."  *Abuan*, 353 F.3d at 1176.

"Numerous factors are relevant in assessing front pay including work life expectancy, salary and benefits at the time of termination, any potential increase in salary through regular promotions and cost of living adjustment, the reasonable availability of other work opportunities, the period within which the plaintiff may become re-employed with reasonable efforts, and methods to discount any award to net present value."  *Whittington v. Nordam Group, Inc.*, 429 F.3d 986, 1000-01 (10th Cir. 2005).  Further, in determining a front-pay award "the district court may consider all evidence presented at trial concerning the individualized circumstances of both the employee and employer but it must avoid granting the plaintiff a windfall."  *Id.* at 1001 (internal quotations and citation omitted).

Finally, "a front pay award must specify an ending date and must take into account any amount that the plaintiff could earn using reasonable efforts."  *Carter v. Sedgwick County, Kan.*, 929 F.2d 1501, 1505 (10th Cir. 1991).  "[T]he determination of the appropriate cut-off date for a front pay award is within the district court's discretion, but . . . determination must be based on more than mere guesswork."  *Id.* (internal quotations omitted).

Having carefully reviewed the parties' submissions and having heard the evidence presented during the trial, the Court finds that plaintiff is entitled to an award of front pay as restitution for

---

[1] The parties do not dispute that reinstatement is not a viable option in this case.

defendant's discrimination. While plaintiff requests an award of front pay from the date of judgment until 2026, the Court finds that plaintiff is only entitled to an award of front pay from the date of judgment until December 31, 2010. The Court finds that this period of time is appropriate based upon plaintiff's qualifications and abilities as reflected in her work history, and particularly her constant, upward advancement at Progressive until the discriminatory actions at issue in this case occurred, the reasonable availability of other work opportunities, and the period of time within which plaintiff may become re-employed with reasonable efforts. Further, the Court finds that this period of time takes into account the emotional distress and psychological injuries plaintiff suffered as a result of defendant's discrimination and the effect these injuries have on plaintiff's ability to become re-employed, particularly in the insurance industry. Additionally, the Court would note this period of time allows time for plaintiff to obtain further educational or technical training for non-insurance related jobs. Finally, the Court finds that an award of front pay for this period of time will make plaintiff whole without granting her a windfall.

The Court further finds that the front pay award should be based solely on plaintiff's base salary without the inclusion of any gainshare payouts. The Court finds that whether plaintiff would receive a gainshare payout and what that payout would be during this time period is simply too speculative. Thus, in determining the amount of the front pay award, the Court will use the figures set forth in Dr. James Horrell's October 23, 2006 report regarding a base salary of $72,486.[2]

Using the figures set forth in Dr. James Horrell's report regarding a base salary of $72,486

---

[2] Defendant makes numerous objections to Dr. Horrell's opinions in this case. All of these objections, however, relate to Dr. Horrell's February 19, 2007 report and not to his October 23, 2006 report.

for the period of time from the date of judgment[3] until December 31, 2010, the Court determines that plaintiff is entitled to a front pay award of $119,815. The Court finds that this figure adequately takes into account plaintiff's work life expectancy, plaintiff's salary and benefits at the time of her termination, any potential increase in salary through regular promotions and cost of living adjustment, the reasonable availability of other work opportunities, the period within which plaintiff may become re-employed with reasonable efforts, and methods to discount any award to net present value.

Finally, defendant requests that in the event front pay is awarded that any award be structured on an installment basis rather than in a lump sum. Having reviewed defendant's objection, the Court finds that a lump sum award is appropriate. Specifically, the Court finds that a lump sum award would not result in any windfall to plaintiff.

III.   Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Application for an Award of Front Pay Damages [docket no. 130] and finds that plaintiff is entitled to a front pay award of $119,815.

**IT IS SO ORDERED this 19th day of April, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3] Because judgment is being entered on this same date, the Court reduced the 2007 "present value loss" set forth in Dr. Horrell's report to $25,957 to reflect only the period of April 19, 2007 to December 31, 2007.